# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

**WALTER ELLIOTT SMITH, II,**

    **Petitioner,**

v.                                                                      Case No. 5:16-cv-07428

**D. L. YOUNG, Warden,**
**FCI Beckley,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner, Walter Elliott Smith, II's ("Smith") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Motion to Dismiss the Petition, (ECF No. 11). This case is assigned to the Honorable Irene C. Berger, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED,** and this action be **DISMISSED**, with prejudice, and removed from the docket of the Court. Because Petitioner clearly fails to state a claim cognizable under § 2241, the undersigned further **RECOMMENDS** that Smith's request for an evidentiary hearing be **DENIED**.

1

## I.     **Introduction**

On January 14, 2007, Smith committed the offense of felony robbery in the State of Virginia. (ECF No. 1-1 at 5). He was subsequently convicted of the offense and sentenced in the Circuit Court of Chesterfield County, Virginia; although, a portion of the sentence was conditionally suspended. (*Id.*).

On May 21, 2012, Smith agreed to plead guilty to two counts of a federal indictment charging him with robbery and carrying a firearm in relation to a crime of violence. (ECF No. 11 at 45-54). According to a Statement of Facts, Smith entered a New York Fried Chicken restaurant in Richmond, Virginia on January 19, 2012, brandished a firearm, and demanded money. He was given $100 from the cash register. (*Id.* at 56-58).

On September 5, 2012, the United States District Court for the Eastern District of Virginia entered a judgment on Smith's guilty plea. (*Id.* at 72-77). As part of the judgment, Smith was sentenced to eighteen months' imprisonment on the robbery charge and eighty-four months' imprisonment on the firearms charge. The sentences were to be served consecutively, making his total term of imprisonment one hundred and two months. (*Id.*).

The following day, on September 6, 2012, the Circuit Court of Chesterfield County, Virginia conducted a show cause hearing on alleged violations by Smith of the conditions secondary to his 2007 suspended sentence. (ECF No. 1-1 at 5-6). After hearing the evidence and arguments, the Circuit Court found Smith in violation of the terms of his suspended sentence. Accordingly, on September 19, 2012, the Circuit Court revoked the suspension and sentenced Smith to 13 years, 6 months' imprisonment, with 8 years conditionally re-suspended. (*Id.*). The Circuit Court explicitly stated in its judgment that the state sentence was **not** to run concurrent with the federal sentence that Smith had

just received. (*Id.*).

Smith did not appeal either conviction and began serving his federal sentence. On June 19, 2014, Smith filed a "Notice of Inquiry and Memorandum in Support of Motion to Modify Sentence" in the Circuit Court of Chesterfield County, requesting a modification of his state sentence, so that his federal and state sentences would run concurrently. (ECF No. 1 at 3; ECF No. 1-1 at 2). Smith's motion was dismissed on June 30, 2014, on the basis that it was inappropriately filed in "a closed case." (ECF No. 1 at 3).

On June 20, 2016, Smith filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Virginia. (ECF No. 11 at 11-29). In the Motion, Smith argued that his firearms conviction, entered pursuant to 18 U.S.C. § 924(c), was void, because the robbery conviction failed to qualify as a predicate offense under § 924(c). Smith, relying upon the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), asked the Court to vacate his firearms conviction. Smith's § 2255 motion remains pending. (*Id.* at 10).[1] In addition to filing the § 2255 motion, Smith sent correspondence to the Circuit Court of Chesterfield County and received information about forms for initiating an action. (ECF No. 1-1 at 3).

On July 8, 2016, Smith sent the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 to the Clerk of United States District Court for the Eastern District of Virginia. (ECF No. 1-3). On August 8, 2016, the Virginia District Court noted that Smith had filed the § 2241 petition in the Eastern District of Virginia, but was in custody in the Southern District of West Virginia. Because habeas petitions must be filed in the

---

[1] The undersigned has confirmed that, as of the date of this PF&R, the motion remains pending.

jurisdiction in which the petitioner is incarcerated, the District Court transferred the petition to this Court. (ECF No. 3).

In the petition, Smith argues that the United States District Court for the Eastern District of Virginia erred in its imposition of Smith's sentence by failing to include language in the judgment order that required his federal and state sentences to run concurrently. Smith contends that United States Sentencing Guideline ("USSG") § 5G1.3(b)(1) and 18 U.S.C. § 3584 direct concurrent sentences. He adds that imposition of concurrent sentences, even when one of the sentences is only anticipatory, is authorized by the Supreme Court's ruling in *Setser v. United States,* 566 U.S. 231 (2012). As additional grounds for relief, Smith complains that the federal sentencing court "overstated the seriousness of [his] criminal history and the likelihood of his potential of becoming a recidivist statistic" and "over represent[ed] the seriousness of the instant offense upon imposing §§ 1951 (A) & 924 (C). [relevant conduct]." (Id. at 15-16). Smith asks to be resentenced under USSG § 5G1.3(b)(1) and 18 U.S.C. § 3584. (*Id.* at 8).

On September 8, 2016, the undersigned ordered Respondent to answer Smith's § 2241 petition. (ECF No. 8). On October 11, 2016, Respondent filed a Motion to Dismiss. (ECF No. 11). Respondent argues that Smith's § 2241 petition is more properly characterized as a § 2255 motion. He contends that Smith already has a § 2255 motion pending in the proper court; therefore, Smith is unable to "establish that the relief he seeks in his pending § 2255 petition is inadequate or ineffective to test the legality of his detention." (*Id.* at 2). Smith filed a response in opposition to Respondent's Motion to Dismiss, in which he requests an evidentiary hearing and denial of the dispositive motion. (ECF No. 13). Accordingly, the issues are fully briefed, and the record is adequate to resolve the Motion to Dismiss and the petition for habeas relief.

## II.    **Discussion**

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing postconviction relief." *Boysaw v. United States,* No. 5:09–cv–01484, 2011 WL 2634882 at *2 (S.D. W. Va. Jul. 5, 2011). Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment or sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). In contrast, § 2241 is used to attack the computation or execution of a sentence. *See United States v. Little,* 392 F.3d 671, 678–79 (4th Cir. 2004). A § 2241 petition typically addresses issues "such as parole matters, computation of [a prisoner's] sentence by prison officials, prison disciplinary actions, and prison transfers"; but does not challenge the validity of the underlying sentence. *Manigault v. Lamanna,* No. 8:06–047–JFA–BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006). Therefore, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, and these devices are not interchangeable. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.).

The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to substitute for a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v.*

*Conley*, 128 F. Supp. 2d 354, 357 (S.D. W. Va. 2001). Rather, the savings clause creates a narrow exception, which allows a § 2255 claim to be brought under § 2241 when the claim contains all three of the following characteristics: (1) at the time of the petitioner's conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which petitioner was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective, and he does so only by satisfying the *Jones* criteria. *See Hood v. United States*, 13 Fed. Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D. W. Va. Feb. 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014).

In the instant action, Smith challenges the validity of his federal judgment, arguing that the District Court, in calculating Smith's sentence, overstated his criminal history, overrepresented the seriousness of his crimes, and failed to comply with the relevant statute and guideline in articulating the sentence. Importantly, Smith does **not** allege that the Bureau of Prisons miscalculated his sentence, failed to give him credit for time served, applied an incorrect interpretation of the sentencing order, exceeded its authority, or refused his request for a nunc pro tunc designation under 18 U.S.C. § 3621(b), any one of which may have provided a basis for jurisdiction under § 2241. *See, e.g., Brown v. Zych*, No. 7:11-CV-00605, 2012 WL 5386339 (W.D. Va. Nov. 1, 2012). Instead, Smith objects to the method by which the sentencing court calculated the sentence and the failure of the sentencing court to expressly indicate that Smith's federal sentence would run

concurrently with the anticipatory state sentence. For relief, he expressly asks the court to resentence him. Consequently, Smith's focus is on the judgment, itself, not the subsequent computation or execution of the sentence.

For that reason, Smith's claims must be brought pursuant to 28 U.S.C. § 2255, unless he can show that § 2255 is inadequate or ineffective. Smith makes no such showing. Indeed, he cites no substantive change in the law rendering non-criminal the conduct for which he was convicted. Furthermore, to date, "Fourth Circuit precedent has ... not extended the reach of the savings clause to those petitioners challenging only their sentence."[2] *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333-34); *see also Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (citing *Poole* and holding that challenge to armed career criminal status is not cognizable in a § 2241 petition); *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (declining to extend savings clause to sentencing challenges); *Hayes*, 2014 WL 670850, at *8 (finding that "sentencing issues cannot be presented in § 2241 petitions"), *aff'd*, 573 F. App'x 268 (4th Cir. 2014). Smith cannot satisfy the *Jones* criteria; accordingly, his claims are not cognizable under § 2241.

Given that Smith's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448,

---

[2] In *United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015), the petitioner filed a § 2241 petition wherein he sought to set aside a sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). The district court found that the petitioner could not obtain relief under § 2241 because he challenged only his sentence, not the conduct underlying his criminal conviction. *Surratt*, 797 F.3d at 246. In affirming the district court's decision, the Fourth Circuit explained that the petitioner was unable to meet the criteria set forth in *Jones* because he was "not innocent of anything," and he admitted to the conduct underlying the offense for which he was convicted. *Id.* at 248. However, the Court left open the possibility that a petitioner may "bring a § 2241 petition claiming that the district court unlawfully sentenced him to a term of imprisonment exceeding the statutory maximum." *Id.* at 269. On December 2, 2015, the Fourth Circuit granted a petition for rehearing en banc in *Surratt*.

452 (5th Cir. 2000). Regardless of which option the Court selects, Smith's petition is at an end in this district. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated, *see Poole*, 531 F.3d at 264, a movant under § 2255 must ask "the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Smith already has a § 2255 motion pending in the sentencing court, which he could seek to amend; therefore, no purpose is served in construing his § 2241 petition as a § 2255 motion and transferring it to the sentencing court. Considering that this Court lacks jurisdiction to hear Smith's motion and nothing would be gained by a transfer, the petition should be dismissed.

### III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding district judge confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's Motion to Dismiss, (ECF No. 11), be **GRANTED;** Smith's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**; and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:**  March 8, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge